```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WILLIAM BUSSEY,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       18-CV-0322(JS)(AYS)

DAREL HAYNES, Shield #1305,
LARRY BRUE, Shield #1320,
DETECTIVE SERGEANT SCALONE,
DETECTIVE CETTO, DETECTIVE
LASHINSKY,

                Defendants.
----------------------------------X
WILLIAM BUSSEY,

                Plaintiff,

        -against-                       18-CV-2571(JS)(AYS)

MITCHELL BARNETT, ESQ., NASSAU
COUNTY DISTRICT ATTORNEY OFFICE,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     William Bussey, pro se
                   18-A-1476
                   Clinton Correctional Facility
                   P.O. Box 2001
                   Dannemora, NY 12929

For Defendants:    No appearances.

SEYBERT, District Judge:
```

On January 17, 2018, incarcerated pro se plaintiff William Bussey ("Plaintiff") filed an unsigned civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis, against Darel Haynes ("Haynes"), Larry Brue ("Brue"), Detective Sergeant Scalone, Detective Cetto, and Detective Lashinsky ("Lashinky"). (Docket No.

18-CV-0322, "Bussey I".) Additionally, Plaintiff did not file the required Prisoner Litigation Authorization Form ("PLRA"). Accordingly, by Notices of Deficiency dated January 19, 2018 and January 22, 2018 ("Notices"), respectively, Plaintiff was instructed to sign the enclosed copy of his Complaint and to complete and return the enclosed PLRA within fourteen (14) days from the date of the Notices in order for his case to proceed. Plaintiff was cautioned that his failure to timely filed the PLRA would lead to the dismissal of his Complaint without prejudice and this case would be marked closed. On January 31, 2018, Plaintiff filed a signed copy of his Complaint together with a completed PLRA.

On April 30, 2018, Plaintiff filed another civil rights Complaint pursuant Section 1983 together with an application to proceed in forma pauperis and a PLRA. (Docket No. 18-CV-2571, "Bussey II".) Bussey II names Mitchell Barnett, Esq. ("Barnett") and the Nassau County District Attorney Office ("NCDA") as defendants.

Upon review of the declarations in support of Plaintiff's applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence these actions without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's applications to proceed in forma pauperis are GRANTED. However, for the reasons that follow, the Complaints are sua sponte

2

DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

BACKGROUND[1]

Plaintiff's brief, handwritten Complaint in Bussey I alleges the following, in its entirety:[2]

> It's September 26, 2017 after 12:00, 2:30 in the morning and detective Larry Brue violated my constitutional right the 4th Amendment by forcing his way into my home with his co conspirators Detective Haynes, Cetto, Lashinsky and Sergent Sal Scalone. Detective Brue and Haynes testified at my trial October 2, 17 and during cross examination tried to distance himself from the exact time detective Brue forced his way into my home. Detective Haynes claims he wasn't there at the exact point of D. Larry Brue entering my home. D. Larry Brue says he was exactly right behind him and I have their two conflicting stories in my transcript. Detective Larry Brue claims he saw me in my dining room without entering my home, and the way he said he did it, is totally false. Detective Cetto, Lashinsky and Sergent Sal Scalone was at my home 2 Fordham Place in Hempstead NY when this criminal action took place. All detectives violated my 5th and 6th Amendment and deprived me of life, liberty, and property without due process of the law.

(Bussey I Compl. at 2-3.) For relief, Plaintiff alleges:

> I believe all parties should be disciplined by their department at the 3rd precint. As a

---

[1] All material allegations in the Complaints are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Plaintiff's allegations are reproduced here exactly as they appear in the Complaints. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> result of Detective Larry Brue actions an coconspirators he violated my 5 6 Amendment right what caused me to lose my job and also my dignity. As a result I'm suffering mentally & physically, even though I'm receiving physical therapy at the jail, its only twice a week as opposed to going to my personal physical therapist and being properly treated. I'm suffering from post traumatic stress having to deal with my father being sick, losing his eyesight, also having trouble sleep at night. Like I said I have the "transcripts" to "prove" both officers perjured during my trial. I'm seeking two hundred and fifty thousand for violating my constitutional rights and physical therapy and counsaling to help further my recovery.

(Bussey I Compl. at 4.)[3]

Plaintiff's Complaint in Bussey II is also brief and is submitted on the Court's Section 1983 Complaint form. The Bussey II Complaint alleges, in its entirety:

> The fact is I was incarcerated Sept 26, 17 for Assault 3rd, Criminal Mischief, Act in manner to injure child less than 12, criminal Mischief 4, Attempted Assault 3rd degree. I put in for trial At Sep 26, 17 my trial date was Dec 26, 17 and my case didn't get dismissed until March 30, 2018. The Courts

---

[3] According to the public records maintained in the Nassau County Court Clerk's Office, Plaintiff was convicted on November 8, 2017, following a jury trial on Indictment No. 1542N-17, of, inter alia,: (1) Assault in the Third Degree (N.Y. Penal Law § 120.00(1)), (2) Burglary in the First Degree (N.Y. Penal Law § 140.30(3)), (3) Assault in the Second Degree (N.Y. Penal Law § 120.05(2)), (4) Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02(1)), and (5) Unlawful Imprisonment in the Second Degree (N.Y. Penal Law § 135.05)). Plaintiff was sentenced on February 16, 2018 as a Second Felony Offender after a Predicate Felony Hearing. Plaintiff filed a Notice of Appeal with the Appellate Division, Second Department, on April 13, 2018, and the appeal remains pending.

> violated my Constitutional right to a speedy
> trial. I put in my order to produce Feb 1, 18
> and it still wasn't honored Indictment 1542N-
> 17.

(Bussey II Compl. ¶ IV.) Plaintiff has left blank the space on the form Complaint that calls a description of any claimed injuries (Bussey II Compl. ¶ IV.A), and, for relief, seeks "the amount of money everyday it keeps me to be incarcerated. This case involves my son I was wrongly accused and the case was dismissed." (Bussey II Compl. ¶ V.)

## DISCUSSION

### I. Consolidation

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (internal quotation marks and citations omitted).

"The Second Circuit has long adhered to the first-filed

doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Jacobs, 950 F.2d at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, the Complaints filed by Plaintiff appear to challenge an underlying state court conviction. Accordingly, in the sound exercise of its discretion, the Court orders that Plaintiff's Complaints be CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 18-CV-0322. The Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the Complaint assigned docket number 18-CV-2571 CLOSED. Any future filings are to be docketed in only 18-CV-0322.

II. In Forma Pauperis Applications

Upon review of Plaintiff's declarations in support of the applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence these actions without prepayment

6

of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While

7

"'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 132 S. Ct. 1497, 1501–02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Heck v. Humphrey Bars Plaintiff's § 1983 Claims

When a claim for damages under § 1983 calls into question the validity of an underlying conviction, a district court must dismiss the claim, unless the conviction has been invalidated. Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372, 129 L.

8

Ed. 2d 383 (1994). The petitioner in Heck was an inmate with a direct appeal from his conviction pending, who brought a § 1983 action for damages against state officials who, he claimed, acted unconstitutionally in arresting and prosecuting him. Drawing an analogy to the tort of malicious prosecution, the Supreme Court held that an inmate's § 1983 claim for damages was unavailable because he could not demonstrate that the underlying criminal proceedings had terminated in his favor. Id. at 486-87. The Supreme Court in Heck enumerated four methods of demonstrating that a conviction has been invalidated: (1) the conviction was reversed on a direct appeal; (2) an executive order expunged the conviction; (3) a habeas corpus petition was issued by a federal court; or (4) an authorized state tribunal declared the conviction invalid. Id.

Here, as is readily apparent and, affording the pro se Complaints a liberal construction, Plaintiff does not allege that his conviction has been invalidated.[4] Because Plaintiff's success on his civil rights claims in this case would necessarily invalidate the conviction, which is not alleged to have been reversed or vacated, Plaintiff's Section 1983 claims are not cognizable under Heck. Thus, Heck's bar precludes the adjudication

---

[4] Although Plaintiff alleges in Bussey II that, under Indictment No. 1542N-17, he was "wrongly accused and the case was dismissed", such fact is belied by his conviction following a jury trial. And, given that his Notice of Appeal was just filed on April 13, 2018, it remains pending.

9

of Plaintiff's Section 1983 claims,[5] and Plaintiff's Section 1983 claims are thus DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

CONCLUSION

For the reasons set forth above, Plaintiff's Complaints are CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 18-CV-0322. The Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the Complaint assigned docket number 18-CV-2571 CLOSED. Any future filings are to be docketed in only 18-CV-0322. Plaintiff's applications to proceed in forma pauperis are GRANTED, however the Complaints are sua sponte DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

---

[5] Although "§ 1983 remains a possible remedy when there is no other federal avenue through which to bring a claim", Chillemi v. Town of Southampton, 943 F. Supp. 2d 365, 375 (E.D.N.Y. 2013), Plaintiff has the opportunity to seek habeas relief once his constitutional claims are properly exhausted in state court.

10

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to CLOSE these cases and to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: July  3 , 2018
Central Islip, New York